ORIGINAL FILED

08 MAR 27 PM 2:07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORSTEN KLING, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., a Delaware corporation; and T-MOBILE USA, INC., a Delaware corporation,<br><br>Defendants. | Case No. 08 CV 0578 L WMc<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>BY FAX<br><br>DEMAND FOR JURY TRIAL<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff Thorsten Kling, on behalf of himself and all others similarly situated, hereby alleges as follows on information and belief against Defendants Verisign, Inc. ("Verisign"), and T-Mobile USA, Inc. ("T-Mobile").

### NATURE OF THE ACTION

1. This is a class action brought by Thorsten Kling (hereinafter collectively, "Plaintiff") on behalf of himself, those persons similarly situated, and the general public. Plaintiff seeks class-wide recovery of damages, restitution and injunctive relief for fraud,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

images, games, and community services. Verisign's services are frequently marketed to the public on television, radio and the internet in the form of advertisements.

8. During a period in the last several years, Verisign, by itself or through its agents, designed and implemented an unlawful scheme whereby it would provide ringtones and related content to minors and others without disclosing the actual cost of such products.

9. This marketing scheme was designed to induce unsuspecting minors and others into purchasing ringtones and other products from Defendants.

10. Verisign and the carriers such as T-Mobile directly benefited financially from this deceptive scheme.

11. Verisign or its' agents intentionally did not inform customers that the true cost of their ringtones or related content would be a series of charges in various amounts.

12. It was Verisign and its agents' intent to induce Plaintiff and the Class members unlawfully into paying for these charges.

13. In or about 2007, Plaintiff's cell phone account, including the phone number used by Plaintiff's minor child, was charged repeatedly by Verisign and its agents for ringtones and related products. Plaintiff's injury was compounded by Verisign's or its agents' false misrepresentations and omissions regarding the costs of such products. These charges were never disclosed to Plaintiff prior to their appearance on the cell phone bill, and Plaintiff never knew in advance he would be charged such fees.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of all parents of minor children

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

in United States who were charged by Defendants a fee for a ringtone service in connection with an unlawful marketing scheme.

15. Excluded from the Class all present and former employees of Defendants during the Class Period; and the judge to whom this case is assigned, along with any member of his or her immediate family.

16. Throughout the relevant period, Defendant VeriSign has had the administrative ability, through its computer systems and other records, to identify all members of the Class.

17. Plaintiff, and all Class members, sustained an injury in fact as a proximate result of the unlawful scheme alleged herein.

18. Plaintiff is a member of the Class described herein.

19. This action is properly brought as a class action under Rule 23. Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.

20. Plaintiff reasonably estimates and believes that there are thousands of persons in the Class. Although Plaintiff does not presently know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

21. There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual issues. These common questions raised by Plaintiff's claims include, but are not limited to:

a. Whether VeriSign failed to disclose material facts to Plaintiff and the Class,

b. Whether VeriSign's and its' agents marketing scheme was fraudulent or misleading;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

prohibitive to the Class. Even if individual Class members were able to afford such individual litigation, it would be unduly burdensome to Class members and the Courts in which the individual litigation would proceed. Class treatment of the claims alleged herein will be manageable because there is common evidence of Defendants' practices and a limited number of factual and legal issues common to all Class members.

26. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' scheme predominate over individual issues, and class certification is a superior method of resolving those claims.

## COUNT ONE
## FRAUD

27. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

28. In or about 2007, Plaintiff's cell phone account, including the phone number used by Plaintiff's minor child, was charged repeatedly by Verisign and its agents for ringtones and related products. Defendant Verisign, deceptively and willfully, failed to disclose that such charges would appear on Plaintiff's mobile phone bill.

29. Defendants knew that their representations that such charges were legitimate were misleading at the time such representations were made.

30. It was Defendants' intent to induce individuals like Plaintiff and the Class to purchase ringtones and related products though unlawful inducement. Plaintiff and the Class justifiably relied upon these misrepresentations and omissions.

31. As a direct result of Defendants' conduct and the reliance upon that conduct, Plaintiff and the Class suffered economic damages.

## COUNT TWO

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## UNJUST ENRICHMENT

32. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

33. Throughout the Class Period, Plaintiff and Class members have conferred a benefit upon Defendants in the form of payments on monthly mobile phone bills. Defendants knowingly accepted and retained such benefits.

34. Defendants have been unjustly enriched in that Plaintiff and Class members would not have paid these such fees had Defendants acted lawfully. Defendants' profits would have been reduced but for their wrongful and unlawful conduct.

35. It would be unjust and unconscionable to permit Defendants to be enriched at the expense of Plaintiff and Class members and to retain these payments that were wrongfully obtained from Plaintiff and Class members.

## COUNT THREE
### NEGLIGENCE

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

37. Defendants had a duty, as reasonable, prudent marketers and businesses, to provide reliable and accurate information to the public. Defendants breached this duty of care by making false communications in connection with scheme described above.

38. As a result of Defendants' deceptive practices, Plaintiff and the Class have suffered economic damages. Defendants' conduct was the direct and proximate cause of Plaintiff's damages and the damages of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

a. For an order certifying the Class and appointing Plaintiff and his counsel to represent the Class;

b. Finding Defendants liable under each of the causes of action pleaded above;

c. For an order awarding Plaintiff and Class members restitution and/or disgorgement and other equitable relief as the Court deems appropriate;

d. For compensatory and punitive damages for Plaintiff and the Class;

e. For an order enjoining Defendants from continuing the misconduct described herein;

f. For attorneys' fees and costs incurred in the pursuit of their action; and

g. For an order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 27, 2008          AUDET & PARTNERS, LLP

By: /s/

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 149149     - SH
       * * C O P Y * *
        March 27, 2008
           14:13:42


       Civ Fil Non-Pris
    USAO #.: 08CV0578
    Judge..: M. JAMES LORENZ
    Amount.:              $350.00 CK
    Check#.: BC3015501



    Total-> $350.00


    FROM: KLING V. VERISIGN
```