AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

THORSTEN KLING, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

VERISIGN, INC., a Delaware corporation; and T-MOBILE USA, INC., a Delaware corporation,

Defendants.

Case No. 08-0578 WMc

**DECLARATION OF WILLIAM M. AUDET IN SUPPORT OF NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 40.1(E)**

I, William M. Audet, declare as follows:

I am a partner in the San Francisco office of Audet & Partners, LLP. I submit this declaration in support of Plaintiffs' Notice of Related Cases pursuant to Local Rule 40.1(e) of the United States District Court for the Southern District of California.

DECLARATION OF WILLIAM M. AUDET IN SUPPORT OF NOTICE OF RELATED CASES
PURSUANT TO LOCAL RULE 40.1(E)

Attached hereto as Exhibit A is a true and correct copy of the complaint entitled Kling v. Verisign, Inc. et al., Case No. 08-cv-0578 filed on March 27, 2008 and assigned to Magistrate Judge William McCurine.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 1 day of April, 2008, at San Francisco, California.

          Respectfully submitted,

          AUDET & PARTNERS, LLP

          By:/s/ William M. Audet

          AUDET & PARTNERS, LLP
          William M. Audet (CA 117456)
          waudet@audetlaw.com
          221 Main Street, Suite 1460
          San Francisco, CA 94105
          Telephone: 415.568.2555
          Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

**DECLARATION OF WILLIAM M. AUDET IN SUPPORT OF NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 40.1(E)**

# EXHIBIT A

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

THORSTEN KLING, individually and on behalf of a class of similarly situated individuals,

    Plaintiff,

v.

VERISIGN, INC., a Delaware corporation; and T-MOBILE USA, INC., a Delaware corporation,

    Defendants.

Case No. 08 CV 0578 L WMc

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

CLASS ACTION

## CLASS ACTION COMPLAINT

Plaintiff Thorsten Kling, on behalf of himself and all others similarly situated, hereby alleges as follows on information and belief against Defendants Verisign, Inc. ("Verisign"), and T-Mobile USA, Inc. ("T-Mobile").

### NATURE OF THE ACTION

1. This is a class action brought by Thorsten Kling (hereinafter collectively, "Plaintiff") on behalf of himself, those persons similarly situated, and the general public. Plaintiff seeks class-wide recovery of damages, restitution and injunctive relief for fraud,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

unjust enrichment, unfair competition, and false and misleading advertising from Defendants Verisign, Inc. and T-Mobile USA, Inc.

## PARTIES

2. Plaintiff Thorsten Kling is a citizen of Florida.

3. Defendant Verisign, Inc. is a Delaware corporation with its principal place of business in California. Verisign is a leading provider of intelligent infrastructure services. On information and belief, Verisign cooperates with a multitude of companies in the business of providing mobile content services, including ringtones, to mobile cell phone service providers in the United States. Verisign does business in California and throughout the United States.

4. Defendant T-Mobile USA, Inc. ("T-Mobile") is a leading provider of cellular telephone service in the United States. T-Mobile is a Delaware corporation with its principal place of business in the State of New York. T-Mobile does business throughout the United States, including the State of California and this judicial district.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because (i) at least one member of the proposed class is a citizen of a state different from at least one defendant and (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c).

## FACTS

7. Defendant Verisign through its corporate aliases, partners or agents offers, such as Jamba, Jamster and Thumbplay, mobile services by providing access to ring tones,

COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF

images, games, and community services. Verisign's services are frequently marketed to the public on television, radio and the internet in the form of advertisements.

8. During a period in the last several years, Verisign, by itself or through its agents, designed and implemented an unlawful scheme whereby it would provide ringtones and related content to minors and others without disclosing the actual cost of such products.

9. This marketing scheme was designed to induce unsuspecting minors and others into purchasing ringtones and other products from Defendants.

10. Verisign and the carriers such as T-Mobile directly benefited financially from this deceptive scheme.

11. Verisign or its' agents intentionally did not inform customers that the true cost of their ringtones or related content would be a series of charges in various amounts.

12. It was Verisign and its agents' intent to induce Plaintiff and the Class members unlawfully into paying for these charges.

13. In or about 2007, Plaintiff's cell phone account, including the phone number used by Plaintiff's minor child, was charged repeatedly by Verisign and its agents for ringtones and related products. Plaintiff's injury was compounded by Verisign's or its agents' false misrepresentations and omissions regarding the costs of such products. These charges were never disclosed to Plaintiff prior to their appearance on the cell phone bill, and Plaintiff never knew in advance he would be charged such fees.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class") consisting of all parents of minor children

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

in United States who were charged by Defendants a fee for a ringtone service in connection with an unlawful marketing scheme.

15. Excluded from the Class all present and former employees of Defendants during the Class Period; and the judge to whom this case is assigned, along with any member of his or her immediate family.

16. Throughout the relevant period, Defendant VeriSign has had the administrative ability, through its computer systems and other records, to identify all members of the Class.

17. Plaintiff, and all Class members, sustained an injury in fact as a proximate result of the unlawful scheme alleged herein.

18. Plaintiff is a member of the Class described herein.

19. This action is properly brought as a class action under Rule 23. Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court.

20. Plaintiff reasonably estimates and believes that there are thousands of persons in the Class. Although Plaintiff does not presently know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

21. There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual issues. These common questions raised by Plaintiff's claims include, but are not limited to:

a. Whether VeriSign failed to disclose material facts to Plaintiff and the Class,

b. Whether VeriSign's and its' agents marketing scheme was fraudulent or misleading;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

c. Whether Defendants intentionally mislead potential customers through the scheme described herein;

d. Whether the conduct of Defendants, as described herein, supports Plaintiff's claim for unjust enrichment;

g. Whether the conduct of Defendants, as described herein, supports Plaintiff's claim for negligence, and

h. Whether the Class is entitled to compensatory and punitive damages, injunctive relief, or other equitable relief against Defendants.

22. Plaintiff's claims are typical of those of the Class. Defendants concealed material facts from Plaintiff and Class members the true cost of the low priced or ""free"" ring tones or related content. Defendants kept Plaintiff and Class members unaware of this deception.

23. Plaintiff has no interests adverse to those of Class members. Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained counsel that is experienced and competent in the prosecution of class actions and complex litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Specifically, a class action, in this instance, provides the only reasonable means of relief because Defendants have concealed their conduct from Class members and, absent certification, Class members will not be aware of their rights to relief.

25. Absent a class action, Class members would be required to litigate multiple individual claims presenting common, duplicative evidence of Defendants' advertisements, including the common omissions and misrepresentations describe herein, which could be avoided by using the class mechanism. Furthermore, costs of individual litigation would be

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

prohibitive to the Class. Even if individual Class members were able to afford such individual litigation, it would be unduly burdensome to Class members and the Courts in which the individual litigation would proceed. Class treatment of the claims alleged herein will be manageable because there is common evidence of Defendants' practices and a limited number of factual and legal issues common to all Class members.

26. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' scheme predominate over individual issues, and class certification is a superior method of resolving those claims.

## COUNT ONE
## FRAUD

27. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

28. In or about 2007, Plaintiff's cell phone account, including the phone number used by Plaintiff's minor child, was charged repeatedly by Verisign and its agents for ringtones and related products. Defendant Verisign, deceptively and willfully, failed to disclose that such charges would appear on Plaintiff's mobile phone bill.

29. Defendants knew that their representations that such charges were legitimate were misleading at the time such representations were made.

30. It was Defendants' intent to induce individuals like Plaintiff and the Class to purchase ringtones and related products though unlawful inducement. Plaintiff and the Class justifiably relied upon these misrepresentations and omissions.

31. As a direct result of Defendants' conduct and the reliance upon that conduct, Plaintiff and the Class suffered economic damages.

## COUNT TWO

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## UNJUST ENRICHMENT

32. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

33. Throughout the Class Period, Plaintiff and Class members have conferred a benefit upon Defendants in the form of payments on monthly mobile phone bills. Defendants knowingly accepted and retained such benefits.

34. Defendants have been unjustly enriched in that Plaintiff and Class members would not have paid these such fees had Defendants acted lawfully. Defendants' profits would have been reduced but for their wrongful and unlawful conduct.

35. It would be unjust and unconscionable to permit Defendants to be enriched at the expense of Plaintiff and Class members and to retain these payments that were wrongfully obtained from Plaintiff and Class members.

## COUNT THREE
## NEGLIGENCE

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

37. Defendants had a duty, as reasonable, prudent marketers and businesses, to provide reliable and accurate information to the public. Defendants breached this duty of care by making false communications in connection with scheme described above.

38. As a result of Defendants' deceptive practices, Plaintiff and the Class have suffered economic damages. Defendants' conduct was the direct and proximate cause of Plaintiff's damages and the damages of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

a.  For an order certifying the Class and appointing Plaintiff and his counsel to represent the Class;

b.  Finding Defendants liable under each of the causes of action pleaded above;

c.  For an order awarding Plaintiff and Class members restitution and/or disgorgement and other equitable relief as the Court deems appropriate;

d.  For compensatory and punitive damages for Plaintiff and the Class;

e.  For an order enjoining Defendants from continuing the misconduct described herein;

f.  For attorneys' fees and costs incurred in the pursuit of their action; and

g.  For an order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 27, 2008            AUDET & PARTNERS, LLP

By: _____

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF